■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PHILLIP PANTANO, Respondent.— Appeal by the People from a purported trial order of dismissal of the Supreme Court, Westchester County, made October 24, 1974, which, according to the notice of appeal, "dismissed the indictment at the close of the People's case" at a nonjury trial. Appeal dismissed. On August 18, 1972 one Joseph DeIeso was observed, by law enforcement authorities, picking up a package from the Mount Vernon Post Office. The package contained artists' paint supplies. However, hashish was secreted in the paint tubes. The officers were armed with a search warrant. They followed DeIeso as he drove, in a van, to a fish store in which defendant Pantano had an interest. DeIeso emerged from the van without the package, entered the store and returned with Pantano, and both entered the vehicle, Pantano sitting on the passenger side. Ultimately the van was driven into a driveway alongside the store. After observing the movements of DeIeso and Pantano inside the van, the officers approached and observed the package, then partially opened, on the engine cab, less than 12 inches from the two men. DeIeso and Pantano were arrested and later indicted for criminal possession of a dangerous drug in the third degree. This appeal involves Pantano's trial. At the close of the People's case, Pantano moved for a trial order of dismissal. The ensuing colloquy clearly indicates that the trial court was of the opinion that the statutory presumption of knowing possession of dangerous drugs by the occupants of a vehicle in which such drugs are found (Penal Law, § 220.25) did not apply on the facts of this case, but that the People had made out a prima facie case based on the "activity between the two" men. Thus the court implicitly denied defendant's motion for a trial order of dismissal. Defendant thereupon rested and moved to dismiss on the "additional ground" that the People had failed to establish his guilt beyond a reasonable doubt. The court thereupon found defendant not guilty. This was clearly a judgment on the merits in favor of the defendant in a criminal case and no appeal lies by the People from such a judgment (*People* v. *Sabella,* 35 N Y 2d 158). Were we not dismissing the appeal, we would affirm on the merits (see *People* v. *Garcia,* 41 A D 2d 560; *People* v. *Davis,* 52 Misc 2d 184). Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.